

Opinions of the United
States Court of Appeals
for the Third Circuit

2011 Decisions

8-31-2011

# In Re: Markeith John Webb

Precedential or Non-Precedential: Non-Precedential

Docket No. 11-2668

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"In Re: Markeith John Webb " (2011). *2011 Decisions.* Paper 615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Rule 29/33 motion, and Webb appealed.[1] *See* C.A. No. 11-2155. That appeal remains pending before this Court.

Webb's petition presents the same arguments that he raised in his direct appeal. Because Webb has an appeal pending and has not shown why these arguments cannot be raised in that appeal, we conclude that he has an adequate alternative remedy. *See* *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996).

The writ of mandamus is a drastic remedy that is available only in extraordinary circumstances. *See* *In re Diet Drugs Prod. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must demonstrate that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 130 S. Ct. 705, 710 (2010) (per curiam) (internal quotation marks omitted). A petitioner seeking a writ of prohibition must meet the same requirements. *See* *In re School Asbestos Litig.*, 977 F.2d 764, 772 (3d Cir. 1992).

Webb cannot meet these requirements. As noted above, Webb has an appeal pending in which he may raise the arguments presented in his mandamus petition. Accordingly, because Webb has other adequate means to obtain relief, he is

---

[1] Webb's appeal was docketed in this Court at C.A. No. 11-2155.

2

motion, finding that (1) the government's evidence sufficiently established Webb's guilt beyond a reasonable doubt on all counts, see Fed. R. Crim. P. 29; United States v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005), and (2) the interest of justice did not require a new trial, see Fed. R. Crim P. 33(a).  Webb filed a notice of appeal from the District Court's denial, docketed in this Court at C.A. No. 11-1981, and later filed the instant petition for a writ of prohibition.  He seeks a hearing on his Rule 29/33 motion, or in the alternative, an order from this Court granting that motion.

A writ of prohibition is a drastic remedy available only in extraordinary circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner seeking this relief must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S. Ct. 705, 710 (2010) (per curiam) (quotation marks omitted).

Webb has not shown that he is entitled to relief.  He seeks review of the District Court's order.  A writ of prohibition is not an appropriate remedy because Webb may seek review through an ordinary appeal.  See In re Sch. Asbestos Litig., 921 F.2d 1310, 1314 (3d Cir. 1990).  As noted above, Webb has filed such an appeal.  This Court stayed the appeal pending entry of judgment in the District Court. The court entered judgment on July 7, 2011, and counsel filed an amended notice of appeal on July 15, 2011.  To the extent that Webb is asking this Court to rule on his appeal in C.A. No. 11-1981, we will do so in due course separately.

Accordingly, we will deny the petition for a writ of prohibition.

2